GUARDIAN AND WARD—APPOINTMENT OF GUARDIAN—POWER OF SURROGATE.

Code Civil Proc. N. Y. §§ 2821, 2825, which give the surrogate power to appoint general guardians of infants, and provide that on the return of the citation the surrogate must make such a decree as justice requires, do not authorize the surrogate, on appointing a guardian, to provide that he shall notify the father of the ward of all matters affecting the ward's person and estate, allow him to visit and be visited by the ward, and consult him as to the ward's management, and the surrogate has no such authority.

Application for the appointment of a guardian of the person and estate of Mabel Lindley, an infant.

*Townsend Wandell,* for petitioner.   *A. H. Ely,* for Edwin G. Lindley, the infant's father.

RANSOM, S.   Application is made by the maternal grandmother of the female infant for the appointment of herself as guardian of the person of the infant, and of the Farmers' Loan & Trust Company as guardian of the estate. The petition is regular.   Consent of the petitioner to her appointment, and of the Farmers' Loan & Trust Company to its appointment, are attached.   The consent of all the relatives, being maternal uncles and aunt, is also submitted. The application is not opposed by the father of the child, but he desires that the decree to be entered shall provide that the Farmers' Loan & Trust Company shall notify him, or such person as he may designate, of any and all matters which may in any wise affect the estate of his child, and that a copy of each and every paper or notice which may be served upon it as such guardian shall be sent either to him, or to a person designated by him; and that the guardian of the person shall, on any and all suitable and proper occasions, allow him to visit and be visited by said child; and that she, the guardian, shall, so far as practicable, consult him and advise him in regard to the general management of said infant; and that, further, she shall cause copies of all and every paper served upon her as guardian of the said infant, in any actual or special proceeding, to be sent forthwith to him, or to any person he may designate.   A certified copy of an order of the supreme court, duly entered on the 29th day of November, 1882, in this department, adjudging the father of the infant to be an habitual drunkard, and appointing Charles R. Stilwell, of the city of New York, a committee of his person and estate, is also submitted.   The father, or the attorney representing him, hands in a memorandum, by which he endeavors to show that the surrogate has the power to make the decree asked for by him. He cites section 2821 of the Code of Civil Procedure, which simply gives the surrogate the power to appoint a general guardian, and refers to Story's Equity Jurisprudence, §§ 1341–1351, as to the extent of the jurisdiction of the court of chancery.   Reference is further made to the *Case of the Earl of Ilchester,* 7 Ves. 381, where Lord ELDON observes that, "though the effect of the ap-

pointment of a guardian is to commit the custody of the guardianship, this court looks with great anxiety to the execution of the duty belonging to the guardian, and the attention expected to be paid to the reasonable wishes of the natural parent. Though it is not necessary in this instance, upon such a contest it is important to observe that it can never end happily, but by implanting in the hearts of the children filial and dutiful feelings towards the parent; the best and most important duty imposed upon the guardian by the deceased parent." And a citation from Macpherson on Infants, p. 119: "If a guardian * * * does not behave to the satisfaction of the court, orders regulating his conduct are frequently made upon him." And in the case of *Ord* v. *Blackett*, 9 Mod. 116, cited in Macpherson on Infants, at page 121: "The representative of the deceased mother of a natural child was ordered to have free access to the child, though the latter was left under the superintendence of the father." He also cites section 2825, which simply provides that upon the return of the citation the surrogate must make such a decree in the premises as justice requires. It will be seen that no authority is brought to my attention, nor am I able to find any, which would justify or permit the surrogate to make the provisions in the decree asked for. Application granted, and decree signed.